<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMGAD AZIR,<br><br>                Plaintiff,<br><br>       v.<br><br>WELLS FARGO BANK,<br><br>                Defendant. | Civil Action No. 19-18837 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Plaintiff Amgad Azir's ("Azir") Motion to Reinstate the Matter, which has been stayed pending arbitration. (ECF No. 9.) The Court construes Azir's application as several separate motions—a motion to reopen the case, a motion to set aside the arbitration award, and a motion for leave to file an amended complaint.[1] Defendant Wells Fargo Bank ("Wells Fargo") opposed (ECF No. 10), and Azir did not reply. The Court has carefully considered the parties' submissions and decides the motions without oral argument under Local Civil Rule 78.1. For the reasons below, the Court reopens the matter, denies the motion to set aside the arbitration award, and denies the motion for leave to file an amended complaint.

**I.   BACKGROUND**

This matter arises out of Wells Fargo's public auction of Azir's belongings that were stored in a safety deposit box within the bank. (*See generally* Compl., ECF No. 1-1.) A lawsuit for breach

---

[1] "While [Azir] casts the instant motion as one to '[re-instate]' his case, in essence, [Azir] requests that this Court vacate the arbitration award . . . and allow [Azir] to relitigate his claims anew." *Dunkley v. Mellon Inv. Servs.*, No. 06-3501, 2008 WL 11407194, at *2 (D.N.J. Dec. 23, 2008).

of contract ensued in September 2019, when Azir sued Wells Fargo in the Superior Court of New Jersey for his missing belongings. (*Id.*) Wells Fargo promptly removed the action to federal court under 28 U.S.C. §§ 1441 and 1446. (ECF No. 1.) Shortly thereafter, Azir requested arbitration as provided in the safety-deposit-box contract between him and Wells Fargo. (ECF No. 10-2 ("[Azir] [has] located a copy of Wells Fargo Safety Deposit Box lease terms . . . . [He] direct[s] [Wells Fargo's] attention to the Binding Arbitration provision.").) As a result, the Court administratively terminated the action during the pendency of the arbitration proceedings. (ECF No. 5.) In June 2021, the arbitrator ultimately found Wells Fargo liable for its failure to notify Azir of its intent to publicly auction his belongings and awarded Azir the cash value of his belongings plus $14,529. (Pl.'s Cert. ¶ 7, ECF No. 9-2; Pl.'s Moving Br., Ex. B ("Arbitration Award"), ECF No. 9-3.) Notwithstanding his arbitral win, Azir remains unsatisfied. (Pl.'s Cert. ¶¶ 3, 7.) He now moves the Court to reinstate the action and allow him an opportunity to relitigate his case against Wells Fargo for more money damages. (ECF No. 9.) Complicating the matter, no party has yet moved the Court to confirm the arbitration award, and no additional money has changed hands between the parties.[2] Wells Fargo does, however, oppose reopening the matter, arguing that the arbitration award is binding and should not be disturbed. (Def.'s Opp'n Br. 2-3, ECF No. 10.)

## II.  LEGAL STANDARD

"[T]he [Federal Arbitration Act] requires courts to enforce arbitration agreements according to [the arbitration agreement's] terms." *Frederick v. Law Off. of Kohler & Assocs. PLLC LLC*, 852 F. App'x 673, 676 (3d Cir. 2021) (citations omitted). When considering arbitration awards, district courts are prohibited from substituting their interpretation of a contract for the

---

[2] Azir received the proceeds from the auction of his goods, or $87,700, before he initiated suit. (Pl.'s Cert. ¶ 3.) Once in arbitration, Azir requested an additional award of $486,613. (*See id.* ¶ 3.) But the arbitrator disagreed with Azir's calculations and instead awarded him an additional $14,529, which Azir refused to accept as final resolution of his claim. (*Id.* ¶¶ 3, 7, 8.)

arbitrator's so long as the arbitrator made a good faith attempt to interpret the contract. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013); *N.Y. Shipping Ass'n v. Int'l Longshoremen's Ass'n, AFL-CIO*, No. 10-6261, 2012 WL 847425, at *7 (D.N.J. Mar. 13, 2012) ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." (citations omitted)). Congress enumerated limited circumstances in which a district court may vacate an award of binding arbitration under 9 U.S.C. § 10(a), which provides as follows:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Absent one of these circumstances, district courts cannot vacate the award simply because the court interprets the contract differently, and even if it believes the arbitrator erred. *See Oxford Health Plans LLC*, 569 U.S. at 572.

### III. DISCUSSION

The Court begins by assessing whether to reopen this matter. The Court concludes that it has good cause to reopen. As the parties' briefing makes clear, the arbitration has concluded and resulted in an award to Azir. (*See generally* Arbitration Award.) Thus, the Court need not administratively terminate this case any longer.

Turning next to Azir's remaining requests, the Court denies Azir's motion to vacate the arbitration award. Under 9 U.S.C. § 10, the Court has limited jurisdiction over an arbitration award. *Frederick*, 852 F. App'x at 676 (citations omitted). Specifically, the Court can only overturn or

3

modify an arbitration award where the circumstances involve fraud, corruption, arbitrator misconduct or an arbitrator's abuse of power. *See* 9 U.S.C. § 10(a). None apply here. Azir does not assert malfeasance or misconduct by Wells Fargo or the arbitrator. Nor does the record reflect that the arbitration procedure was contrary to the parties' agreement. *See Frederick*, 852 F. App'x at 676 ("Because the underlying principle of all arbitration decisions is that arbitration is strictly a matter of consent, the FAA requires courts to enforce arbitration agreements according to their terms." (citations omitted)). Nor for that matter does it reflect that the arbitrator made a factual or legal error in awarding judgment to Azir. To be sure, even if the arbitrator had made a good-faith mistake, the Court would still lack sufficient grounds to overturn the arbitrator's decision. *See Oxford Health Plans LLC*, 569 U.S. at 572 ("[C]onvincing a court of an arbitrator's error—even his grave error—is not enough.").

For similar reasons, the Court will not grant Azir's motion for leave to amend. Simply put, now that an arbitration has concluded, the Court has little left to do with the merits of this case.

## IV. <u>CONCLUSION</u>

The Court reopens the matter, denies Azir's motion to set aside the arbitration award, and denies his motion for leave to amend. The Court will issue an appropriate Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4